## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACIE and MICHAEL LEVIN, W/H | : | |
| | : | CIVIL ACTION NO. |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | |
| | : | |
| MEDICOACH TRANSPORTATION, LLC | : | |
| | : | **JURY TRIAL DEMANDED** |
| *Defendants.* | : | |

### CIVIL ACTION COMPLAINT AND JURY DEMAND

**I.   PRELIMINARY STATEMENT**

1. This is a claim against the Defendant, Medicoach Transportation, LLC, for personal injuries caused to Plaintiff, Tracie Levin, by the negligent acts and/or omissions of Defendant and its agents, servants, employees, workmen and/or representatives. Plaintiff Michael Levin also brings a claim for loss of consortium.

**II.   PARTIES**

2. Plaintiffs, Tracie and Michael Levin, w/h, are adult individuals and Citizens of the State of New Jersey, residing therein at 381 Bryn Mawr Drive, Williamstown, NJ 08094.

3. Defendant, Medicoach Transportation, LLC, was and is now a business entity, believed to be a limited liability company, organized and existing under and by virtue of the laws of the State of Massachusetts, with corporate headquarters and principal place of business located therein at 1201 Westford Street, Suite U-2, Lowell, MA 01851.

4. At all times relevant hereto, the Defendant acted by and through its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same.

**III.     JURISDICTION AND VENUE**

5. Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

6. The amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and fees.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the events, acts and/or or omissions giving rise to Plaintiffs' claims occurred in this district.

**IV.     STATEMENT OF CLAIMS**

8. At all times material herein, the Defendant, by and through its trustees, directors, agents, servants, workmen, employees and/or other representatives, acting within the course and scope of their employment with the said Defendant, owned, operated, controlled, leased, inspected, possessed, managed and/or maintained a certain mobile trailer unit which was parked at Delaware County Memorial Hospital, located at 501 N. Lansdowne Avenue, Drexel Hill, PA 19026.

9. On or about March 26, 2014, and for a long time prior thereto, it was the duty of the Defendant, by and through its trustees, directors, agents, servants, workmen, employees and/or other representatives, to keep and maintain the aforementioned mobile trailer unit in a reasonably safe condition for persons lawfully upon the premises, such as Plaintiff, Tracie Levin

**COUNT I**
**TRACIE LEVIN v. MEDICOACH TRANSPORTATION, LLC**
**NEGLIGENCE**

10. Plaintiff hereby incorporates by reference paragraphs one (1) through nine (9) of the within Complaint, as though the same were fully set forth at length herein.

11. On or about March 26, 2014, Plaintiff, Tracie Levin, was attempting to push open the door of the aforementioned mobile trailer to exit the trailer in the course and scope of her employment with Crozer-Keystone Health System when, suddenly and without warning, and as a direct result of a defective and/or dangerous condition upon said premises, the jammed door of the aforesaid trailer suddenly opened and Plaintiff slipped on ice that had accumulated on the steps outside of the trailer door, thereby causing her to fall and sustain various severe and permanent bodily injuries and losses as more fully set forth below.

12. The incident described in the preceding paragraphs of the within Complaint was caused by the negligence and carelessness of the Defendant, Medicoach Transportation, LLC, by and through its agents, servants, workmen, employees and/or other representatives acting within the course and scope of the employment, agency and/or service for the same, generally and in the following particular respects:

   (a) carelessly and negligently allowing the aforesaid trailer to be kept in a dangerous condition for a prolonged period of time so as to cause injury to the Plaintiff, more specifically failing to properly inspect, install, maintain, and/or repair the aforesaid trailer door, which posed a hazard to third parties such as Plaintiff;

   (b) carelessly and negligently failing to inspect the trailer and its component parts, including the aforementioned door, in such a manner so as to identify defects and prevent potential bodily injuries to third parties, such as the Plaintiff;

   (c) carelessly and negligently failing to recognize the defect which caused the door to jam and become unreasonably difficult to open, as well as carelessly and negligently failing to recognize the ice on the steps of the aforesaid trailer which caused Plaintiff's fall, and to timely remedy same;

   (d) carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety warnings to individuals lawfully present inside the Defendant's mobile trailer and/or using the steps descending from same;

  (e) failing to ensure that the premises could be traversed in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

  (f) failing to adequately and timely repair defects to the aforesaid trailer and its component parts, as well as failing to timely clear ice and snow from the aforesaid trailer steps, failing to pre-treat the steps for ice and snow melting and failing to chemically treat the steps to prevent excess accumulations of ice and/or snow and/or re-icing;

  (g) failing to correct a dangerous and hazardous condition of which the Defendant was aware or should have been aware;

  (h) failing to warn people lawfully present inside the Defendant's mobile trailer and/or using the steps descending from same, such as the Plaintiff, of the aforesaid dangerous conditions;

  (i) otherwise failing to provide a safe place for persons lawfully present inside the Defendant's mobile trailer, such as the Plaintiff, to walk and operate the door of same;

  (j) negligence by virtue of the doctrine of *respondeat superior*; and

  (k) negligence by virtue of the doctrine of *res ipsa loquitor*.

13. Plaintiff, Tracie Levin, in no manner contributed to her injuries, which were the direct and proximate result of the Defendant's own negligence and/or carelessness.

14. As a result of the aforesaid negligence of the Defendant, Plaintiff, Tracie Levin, suffered severe injuries, including, but not limited to, disc protrusions at C5-C6, cervical and left shoulder sprain/strain, left shoulder tendinosis and muscle spasms, as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system.  Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

15. As a result of the aforesaid negligence of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

16. As a further result of the aforesaid accident, Plaintiff, Tracie Levin, has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

17. Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

18. As a further result of the aforesaid negligence of the Defendant, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

19. As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

20. As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

**WHEREFORE**, Plaintiff, Tracie Levin, demands judgment in her favor and against Defendant, Medicoach Transportation, LLC, in an amount in excess of $150,000.00 together with costs of suit, interest and reasonably attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

### COUNT II
### MICHAEL LEVIN v. MEDICOACH TRANSPORTATION, LLC
### LOSS OF CONSORTIUM

21. Plaintiff hereby incorporates by reference paragraphs one (1) through twenty (20) of the within Complaint, as though the same were fully set forth at length herein.

22.     As a further result of the incident described herein, Plaintiff, Michael Levin, has suffered the loss of earnings, society, consortium and services of his wife, Plaintiff Tracie Levin, to which he is legally entitled.

23.     As a further result of the motor vehicle accident described herein, Plaintiff, Michael Levin, has been or will be obliged to expend various sums of money and to incur various expenses for the treatment of the injuries which his wife has suffered by reason of the Defendant's negligence, and he may be obliged to continue to expend such sum or incur such expenditures for an indefinite period of time.

**WHEREFORE**, Plaintiff, Michael Levin, demands judgment in his favor and against Defendant, Medicoach Transportation, LLC, in an amount in excess of $150,000.00 together with costs of suit, interest and reasonably attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

## JURY DEMAND

Plaintiffs hereby demand a jury trial of all claims and issues.

Respectfully,

**SWARTZ CULLETON PC**

By:     /s/Brandon A. Swartz, Esquire
        Brandon A. Swartz, Esquire
        Bryan M. Ferris, Esquire
        547 E. Washington Avenue
        Newtown, PA 18940
        T: (215) 550-6553
        F: (215) 550-6557

        Attorneys for Plaintiffs,
        Tracie and Michael Levin, w/h

Date: January 2, 2015